United States District Court
For the Northern District of California

1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6

7                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    ZYME SOLUTIONS, INC.,                              No. C 13-04082 WHA

10               Plaintiff,

11        v.

12   INFONOW CORPORATION, d/b/a                          **ORDER DENYING MOTION TO
     CHANNELINSIGHT,                                      DISMISS OR STAY**
13

14               Defendant.
                                              /
15

16        In this declaratory judgment action, defendant moves to dismiss or stay proceedings

17   pending resolution of an appeal of a dismissal of an action in another district.  For the reasons

18   outline below, the motion to dismiss or stay is **DENIED**.

19                                        **BACKGROUND**

20        In December 2012, InfoNow Corporation, d/b/a Channelinsight (defendant in this action)

21   filed a complaint against Zyme Solutions, Inc. (plaintiff in this action) alleging infringement of

22   United States patent number 8,296,258 B2 ("the '258 patent") entitled "Automated Channel

23   Market Data Extraction, Validation, and Transformation" in the District of Colorado.  *Infonow*

24   *Corporation v. Zyme Solutions, Inc.*, No. 12-cv-03255-MSK-MEH (D. Col. Dec. 14, 2012).  In

25   January 2013, Zyme filed a motion to dismiss pursuant to FRCP 12(b)(2) and 12(b)(6).  Zyme

26   argued that the complaint should be dismissed under FRCP 12(b)(6) because the '258 patent was

27   invalid under 35 U.S.C. 101 and the complaint failed to plead facts sufficient to support a claim

28   of patent infringement.  After Channelinsight filed a motion for leave to conduct jurisdictional

     discovery, Channelinsight was permitted to serve interrogatories and depose Chandran Sankaran,

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Zyme's founder and CEO.  On January 25, Magistrate Judge Michael E. Hegarty issued a

protective order and a case management schedule was entered on April 29 (Dkt. Nos. 19, 34, 36).

On April 29, Magistrate Judge Hegarty recommended that Zyme's motion to dismiss for

lack of personal jurisdiction be denied.  It was recommended that Zyme's motion to dismiss

under FRCP 12(b)(6) be granted because the complaint did not contain a statement that plaintiff

had given defendant notice of infringement (citing *In re Bill of Lading Transmission &*

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012)).  It was further

recommended that Channelinsight be given an opportunity to cure the defect through amendment

(Dkt. No. 35).  Both parties filed objections to the Magistrate Judge's recommendation.  On May

13, Channelinsight filed a motion for leave to file an amended complaint; the attached amended

complaint did not add any new claims for relief, but added the following sentence

"Channelinsight has given, by the filing of the Complaint in this matter, written notice of the

infringement" (Dkt. No. 40-1).

On August 6, Judge Marcia S. Krieger granted Zyme's motion to dismiss for lack of

personal jurisdiction.  She declined to adopt the Magistrate Judge's recommendation and

sustained Zyme's objections (Dkt. No. 48).  Judgment for Zyme was entered on August 13.

Costs were taxed against Channelinsight.

On September 4, almost a month later, Zyme filed the instant action alleging declaratory

judgment of non-infringement and invalidity of the '258 patent.  *Zyme Solutions, Inc. v. InfoNow*

*Corporation*, No. 3:13-cv-04082-WHA (N.D. Cal. Sept. 4, 2013).

On September 11, Channelinsight appealed the District of Colorado final judgment

dismissing the action for lack of personal jurisdiction to the Tenth Circuit.  On September 19, the

appeal was transferred to the Federal Circuit.  The appeal, *InfoNow Corporation v. Zyme*

*Solutions, Inc.*, No. 13-664, is currently pending.

On October 3, Channelinsight filed a motion to dismiss or stay pending resolution of the

appeal in this action.  The action was reassigned to the undersigned judge on October 23 and the

motion was re-noticed on October 24.  The parties' first case management conference in this

action occurred on December 19.

**United States District Court**
For the Northern District of California

**ANALYSIS**

**1.   MOTION TO DISMISS.**

Channelinsight argues that jurisdiction over this declaratory judgment action should be declined because a suit involving the same issues is already pending in another federal court. The complaint in this action seeks relief under the Declaratory Judgment Act which provides that "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. 2201 (emphasis added).  Channelinsight emphasizes that courts have discretion to decline jurisdiction and there is a history of abusing the declaratory judgment mechanism to deprive plaintiffs of their choice of forum.

This argument is misplaced because when this action was filed, judgment had already been entered in the District of Colorado action.  Judgment for Zyme was entered on August 13 and this action was filed on September 4.  When the complaint in this action was filed, there was no pending action on infringement and invalidity of the '258 patent in the District of Colorado. Channelinsight waited until September 11 to file its appeal raising a single jurisdictional issue: "Whether the District Court erred in determining that Zyme Solutions, Inc.'s contacts with Colorado were insufficient to support the Court's exercise of personal jurisdiction over it" (Kanis Decl., Exh. 7).  That appellate issue is not directed at infringement or invalidity and has little bearing on the merits of this action.

Channelinsight's reliance on *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995), is unpersuasive because *Wilton* involved a review of a decision to stay a declaratory judgment action when there was a parallel state court proceeding which would present an opportunity to ventilate the state law issues.  There is no parallel state court action here.  The only action — a federal appeal from a dismissal in an unrelated action in another district — Channelinsight relies upon is an appeal on a jurisdictional issue unique to the District of Colorado.  Channelinsight has not identified any parallel state or federal court action adjudicating the merits of the infringement and invalidity disputes between Channelinsight and Zyme on the '258 patent.  That the District

3

of Colorado action originally involved allegations of infringement and validity is not conclusive of whether declaratory judgment jurisdiction should be exercised here.

Also, Channelinsight's argument that declaratory judgment actions should be reserved for litigants who want to ascertain rights when there are no adverse actions pending is similarly unconvincing. In *Fireman's Fund Ins. Co. v. Ignacio*, 860 F.2d 353, 355 (9th Cir. 1988), the decision Channelinsight relies upon, our court of appeals was primarily concerned with misuse of the declaratory judgment procedure to seek immediate collateral review in federal court on jurisdictional issues in state court. The instant declaratory judgment action is differently situated. Zyme is not seeking collateral review of any state or federal court action. Zyme is seeking a declaratory judgment of non-infringement and invalidity of the '258 patent. The pending appeal in the Federal Circuit does not somehow deprive this Court of jurisdiction to hear the merits of this action.

Channelinsight also relies on *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961), for the proposition that the purpose of the Declaratory Judgment Act is to afford a remedy to one who is uncertain of his rights and desires adjudication without having to wait for his adversary to decide to bring suit. Channelinsight contends that it already filed suit in the District of Colorado thereby obviating the need for this "duplicative" action. Not so. When this action was filed, dismissal had been entered in the District of Colorado action. Zyme was not at that time precluded from initiating the instant declaratory judgment action to clear the dispute. This action is also not duplicative of the District of Colorado judgment or the Federal Circuit appeal because neither decision adjudicated or will adjudicate infringement or invalidity of the '258 patent. The District of Colorado action was dismissed before reaching the merits and the Federal Circuit appeal will likely resolve a discrete personal jurisdiction issue unique to the District of Colorado action.

**United States District Court**
For the Northern District of California

4

United States District Court

For the Northern District of California

As the Supreme Court stated in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the issue of the case or controversy requirement for declaratory judgment actions boils down to:

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Although the parties do not substantively address this issue in their briefs, Channelinsight filed a complaint alleging infringement of the '258 patent in the District of Colorado (Compl. ¶¶ 7–9). Shortly afterwards, information about the lawsuit was announced in a Channelinsight press release and on Yahoo! Finance and MarketWired (Kanis Decl., Exhs. 2–4). Zyme alleges (without a supporting declaration) that Chanelinsight subsequently contacted several of Zyme's customers and potential customers about the alleged infringement (Br. 1). Zyme further alleges that "[d]uring the course of discovery [in the District of Colorado action], Channelinsight identified multiple products or services offered by Zyme that it alleged infringed the '258 patent" (Compl. ¶ 15). Although the District of Colorado complaint was dismissed for lack of personal jurisdiction, Zyme alleges that "Zyme reasonably believes and apprehends that Channelinsight will file suit against it based on a claim of infringement of the '258 patent" (*id*. ¶ 33). According to Zyme, immediately upon filing its complaint, it provided Channelinsight "a courtesy copy of the Complaint" to explore whether a dispute continued to exist (Br. 6). Channelinsight, according to Zyme, did not respond but instead filed a notice of its intent to appeal the District of Colorado dismissal. Under the facts and circumstances alleged, Zyme has shown a substantial controversy between parties having adverse legal interest of sufficient immediacy and reality to warrant issuance of a declaratory judgment. When this action was filed, the District of Colorado action had been terminated for approximable one month. Zyme was essentially faced with a choice of waiting for Channelinsight to bring another suit in a different forum (or wait for an appeal reversing the District of Colorado decision) or file a declaratory judgment action to clarify uncertain rights. Zyme obviously chose the latter. Zyme

chose to file a declaratory judgment action to clarify its rights regarding the sale of its products and services and to relieve uncertainty related to the scope of the '258 patent.

Channelinsight argues that if the Federal Circuit reverses the dismissal and remands back to the District of Colorado, Channelinsight would be deprived of its right to pursue its claims in its chosen forum. The Federal Circuit appeal would be rendered "virtually pointless" if this action proceeds. Not so. The Federal Circuit appeal is focused on a narrow personal jurisdiction issue. While there is the possibility that the Federal Circuit could reverse the dismissal and remand the action back to the District of Colorado, that outcome can be addressed in due course if appropriate. In the meantime, Channelinsight should not be able to hold Zyme hostage with the threat of infringement and we should not presume that reversible error occurred.

Zyme also argues that Channelinsight's reliance on the concept of "first to file" is misplaced because at the time this action was filed, there was no other pending action between Channelinsight and Zyme. This order does not need to address the first to file issue at this time because the District of Colorado action was not pending when this action was filed and is not currently pending on the merits.

Accordingly, the motion to dismiss is **DENIED**.

**2.    MOTION TO STAY.**

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Courts should consider:

> the competing interests which will be affected by the granting or refusal to grant a stay . . . . Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

Channelinsight argues that a stay is appropriate and more efficient because the Federal Circuit's

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

decision could affect this action.  That is, a reversal of the District of Colorado dismissal could result in the exact same issues being litigated in two forums.  A stay, according to Channelinsight, would promote judicial economy and spare the parties of duplicative litigation. Channelinsight further argues that the median disposition time from docketing to disposition at the Federal Circuit is approximately 9 to 10 months, which is a finite amount of time. "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  A stay would also be in the interest of justice, according to Channelinsight, because it would permit litigation in the forum of its choice.

This order declines to stay this action for three reasons.  *First*, Channelinsight's argument that a stay would be in the interest of efficiency and judicial economy is underwhelming. Judgment in the District of Colorado action was entered at the motion to dismiss stage.  Other than an order regarding limited jurisdictional discovery, there is no indication that substantial fact or expert discovery had occurred.  If anything, the deadlines indicate otherwise.  The deadline for plaintiff to disclose its "infringement claim chart" was extended to August 5, the fact discovery deadline was set for January 2014, and no trial date had been entered.  No dispositive motions had been filed when the August 6 order dismissed the action on jurisdictional grounds.  Channelinsight had only just filed a motion for leave to amend its complaint.  Moreover, if this action proceeds, both parties desire further discovery.  According to the parties' joint case management conference statement, Zyme states that it may need discovery on the '258 patent, preferred embodiments, prior art, and evidence supporting a claim of infringement.  Channelinsight states that it may need discovery on Zyme's products and services, Zyme's knowledge of Channelinsight's intellectual property, Zyme's financials, and any defenses raised by Zyme.  There is no reason why the parties could not move forward with their anticipated discovery efforts in this action now.

There is also no risk of duplication at this time because the District of Colorado action is not currently proceeding.  The Federal Circuit appeal is intended to resolve a discrete personal jurisdiction issue unique to the District of Colorado action.  Channelinsight's reliance on two non-binding decisions from this district is unpersuasive.  *AsIs Internet Servs. v. Active Response*

7

United States District Court

For the Northern District of California

*Grp.*, No. C07-cv-6211-TEH, 2008 WL 4279695, at \*3–6 (N.D. Cal. Sept. 16, 2008) (Judge

Thelton E. Henderson); *AsIs Internet Servs. v. Member Source Media, LLC*, No. C 08-cv-1321-

EMC, 2008 WL 4164822, at \*3–4 (N.D. Cal. Sept. 8, 2008) (Magistrate Judge Edward M. Chen)

("*AsIs* decisions").  These decisions involved stays pending an appeal in another action before

our court of appeals.  There, the balance of hardships weighed in favor of stays because our court

of appeals' decision regarding standing would affect whether the two other decisions could be

dismissed.  By contrast, here, the Federal Circuit's decision has a lesser bearing on this action

and no bearing on the non-infringement and invalidity adjudications.  Currently, there is no risk

of duplication because it is not as if the parties would be subject to discovery in the District of

Colorado and here.  It is not as if two districts would be faced with construing the same patent

claims and adjudicating the same infringement and invalidity issues.  Should the District of

Colorado action move forward on the merits at some point in the future, issues of judicial

economy, coordination, and efficiency can be addressed at that juncture.

        *Second*, staying this action raises real concerns of prejudice.  Zyme filed this declaratory

judgment action to escape the shadow of litigation regarding the '258 patent.  If, as

Channelinsight cites, the median time to dispose of a Federal Circuit appeal is approximately 9

months, then Zyme could be subject to the threat of litigation (and accruing damages) for quite

some time into 2014.  A lot can be accomplished in the interim.  For example, the parties could

determine whether their claims and defenses are viable and whether this action is amenable to

settlement.  On the other hand, damages could accumulate during this time.  Channelinsight's

allegations that Zyme makes, uses, offers for sale, or sells infringing products and services could

continue to percolate in the media and Channelinsight's alleged damages could continue to

accrue.  Although Channelinsight argues that mere economic harm or speculative harm from

press releases should not be sufficient to warrant denying a stay, this order finds that there is a

substantial controversy between Zyme and Channelinsight of sufficient immediacy and reality to

warrant declaratory judgment issuance.  A stay of this action would prejudice Zyme's interests in

clearing the air.  In any event, this district routinely denies motions to stay pending an appeal of

a dismissal that was ordered in a different action in another district.  *See, e.g., ASUSTeK*

*Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at \*14 (N.D. Cal. Dec. 29, 2011) (Judge Edward J. Davila); *ASUSTek Computer Inc. v. Ricoh Co., Ltd.*, No. C0701942-MHP, 2007 WL 4190689, at \*3 (N.D. Cal. Nov. 21, 2007) (Judge Marilyn Hall Patel).

*Third*, the benefits, if any, of staying this action to learn the Federal Circuit's decision of whether the District of Colorado has personal jurisdiction are weak. The Federal Circuit's decision will not simplify or clarify the merits of this action. While there is something to be said about having only one district court adjudicate the merits of the dispute between Channelinsight and Zyme on the '258 patent and if the Federal Circuit reverses the District of Colorado's dismissal, there would possibly be two pending actions between Zyme and Channelinsight on the '258 patent, those issues can be resolved through transfer or some other appropriate procedure. Channelinsight's cursory reference to *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979), is not persuasive because, there, our court of appeals only remanded the action to the district court to decide whether continuance of a stay previously entered was justified. District courts have discretion to order a stay based on its power to control its docket and provide for just determination of pending actions. Good cause has not been shown that a stay is warranted.

Accordingly, the motion to stay is **DENIED**.

## CONCLUSION

For the aforementioned reasons, InfoNow Corporation's, d/b/a Channelinsight, motion to dismiss or stay is **DENIED**. Channelinsight is hereby **ORDERED** to provide notice to this Court of the disposition of the Federal Circuit appeal within one week of the decision.

**IT IS SO ORDERED.**

Dated:   December 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE